**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-200

JUSTIN M. MARTINEZ, on behalf of himself and all similarly situated persons, Plaintiff,

v.

1859-HISTORIC HOTELS, LTD., a Texas limited partnership, and
PAUL YORK, Defendants

**COMPLAINT**

Plaintiff, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Complaint against Defendants 1859-Historic Hotels, Ltd., a Texas limited partnership, and Paul York, an individual.

**STATEMENT OF THE CASE**

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act" or "CWCA"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order") contain various rules regarding employee wages and hours. Defendants violated these laws by (a) improperly diverting employee tips to managers, and thereby failing to pay tipped employees the minimum wage; (b) paying tipped employees at a rate lower than the tipped minimum wage under Colorado law; (c) paying employees for non-tipped work at a rate lower than the non-tipped minimum wage under Colorado law; and (d) failing to pay non-exempt employees at the applicable overtime rate for all hours

worked over 40 hours in a workweek. This action seeks to recover backpay and damages to compensate all current and former employees of Defendants for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Justin M. Martinez ("Mr. Martinez") is an individual and resident of the State of Colorado.

3. 1859-Historic Hotels Ltd. ("1859") is organized under the laws of Texas with its place of business located at 2302 Postoffice St., Suite 500, Galveston, TX 77550. 1859 is the management company for Colorado Landmark Hotels, LLC, a Colorado limited liability company with the same place of business. Colorado Landmark Hotels, LLC has a registered trade name and does business as (dba) Cliff House at Pikes Peak.

4. 1859 is the employer of all employees at The Cliff House at Manitou Springs ("Cliff House"). Cliff House is an historic hotel located at 306 Cañon Avenue, Manitou Springs, Colorado 80829, providing luxury accommodations, event, and dining services.

5. Defendant Paul York, an individual, is the General Manager at Cliff House, and is a resident of the State of Colorado.

6. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

**FACTUAL BACKGROUND**

7.  The FLSA, Wage Claim Act and Minimum Wage Order, which govern the wages and hours of thousands of Colorado employees, establish a minimum wage and address issues such as employee entitlement to and calculation of overtime pay.

8.  Rather than pay the full hourly minimum wage to servers and other employees, restaurants historically have sought to offset the minimum with tips and gratuities left by restaurant patrons.

9.  In a compromise between the interests of restaurant management and those of employees, legislators developed the concept of the "tip credit." As the name implies, the tip credit allows restaurants to take a credit against the minimum wage for employee tips. Therefore, under federal and state law, restaurant management is entitled to pay a sub-minimum wage to servers and other tipped employees. This lower hourly rate is known in the industry as the "server minimum".

10. Before taking the tip credit, however, restaurants must adhere to certain strict pre-conditions. In addition to adequately informing employees about the tip credit, restaurants must allow employees to keep all of their tips.

11. The sole exception to this restriction is what is known as a "tip pool". As implied by the name, employees in a tip pool who actually receive tips directly from restaurant customers pool their tips with other "front of the house" restaurant employees who assist in servicing the customer.

12. State and federal law allow restaurants to require tipped employees to participate in a tip pool whereby tips are distributed according to some reasonable

formula among certain employees in the service chain. A *valid* tip pooling arrangement does not interfere with management's entitlement to claim a tip credit against the minimum wage.

13. However, for a tip pool to be valid, only those employees who "customarily and regularly" receive tips may participate in the pool. Generally, these "customarily and regularly" tipped employees include only "front of the house" employees such as servers and hostesses. In other words, "back of the house" employees such as chefs, dishwashers and food preparers cannot participate in the tip pool and must be paid the full minimum hourly wage. Similarly, under no circumstance may restaurant owners and management participate in the tip pool and/or divert tips for their own use.

<u>Cliff House's Pay Practices</u>

14. Cliff House assigns its tipped employees to three (3) separate tip pools. This includes employees who work as servers in its main dining room; as bartenders and/or servers in its bar and grill; and servers or bartenders during private banquet events.

15. Cliff House's tip pools for tipped employees include "A.M. [morning] Food & Beverage" and "Lunch Food & Beverage", and "P.M. [dinner] Food & Beverage".

16. In violation of state and federal law, Defendants distributed a significant portion of amounts aggregated in each tip pool to one or more managers who are not "customarily and regularly" tipped.

17. The misuse of tips and participation of non-tipped employees invalidates the Cliff House tip pools and nullifies Defendants' entitlement to claim tip credits against the minimum wage. Defendants are liable for, among other things, paying a sub-minimum wage to current and former employees and for all tips diverted improperly.

Mr. Martinez' Employment and Pay

18. Cliff House has employed Mr. Martinez continuously since approximately October 2014.

19. At all times during his employment, Mr. Martinez worked under the supervision and management of Julius "Jay" Watson, Food & Beverage Department Director. In turn, Mr. Watson reports directly to Defendant Paul York, General Manager.

20. At all times during his employment, Mr. York was directly responsible for Cliff House's payroll and timekeeping practices, including but not limited to setting Mr. Martinez' pay rates.

21. In 2014, Colorado Minimum Wage Order Number 30 set the tipped minimum wage at $4.98 per hour, and the non-tipped minimum wage at $8.00 per hour.

22. Mr. Martinez started out as a tipped "Server PM", working in the dining room in the evenings. He was paid a tipped minimum wage of $4.98 per hour.

23. As a "Server PM", Mr. Martinez participated in Cliff House's "PM Food & Beverage" tip pool for tipped employees.

24. At all relevant times, Cliff House recorded the actual hours Mr. Martinez worked via its timekeeping system, by which Mr. Martinez clocked in and out.

25. In 2015, Colorado Minimum Wage Order Number 31 increased the tipped minimum wage to $5.21 per hour, and the non-tipped minimum wage to $8.23 per hour.

26. Throughout 2015, Cliff House improperly paid Mr. Martinez for tipped hours worked at the 2014 tipped minimum wage rate of $4.98 per hour.

27. Cliff House also paid Mr. Martinez for some non-tipped hours worked at the rate of $6.00 per hour.

28. In 2016, Colorado Minimum Wage Order Number 32 increased the tipped minimum wage to $5.29 per hour, and the non-tipped minimum wage to $8.31 per hour.

29. In 2016, Cliff House improperly paid Mr. Martinez for tipped hours worked at the 2014 tipped minimum wage rate of $4.98 per hour.

30. In the middle of February 2016, Cliff House promoted Mr. Martinez to A.M. Food & Beverage Department Manager.

31. As A.M. Food & Beverage Department Manager, Mr. Martinez supervised approximately 15 servers, over whom he had full authority to hire, discipline, and fire in his own independent discretion.

32. As A.M. Food & Beverage Department Manager, Cliff House paid Mr. Martinez a "salary" at $7.93 per hour, for eighty (80) hours per biweekly pay period.

33. In fact, Mr. Martinez worked approximately 60 hours per week (120 hours per biweekly pay period), on average, as A.M. Food & Beverage Department Manager.

-7-

34. As A.M. Food & Beverage Department Manager, Mr. Martinez did not "customarily and regularly" receive any tips, as he had previously as a server.

35. However, as A.M. Food & Beverage Department Manager, Cliff House continued to include Mr. Martinez in the tip pool, and paid him substantial amounts from that pool.

36. In 2017, Colorado Minimum Wage Order Number 33 increased the tipped minimum wage to $6.28 per hour, and the non-tipped minimum wage to $9.30 per hour.

37. In mid-June 2017, Cliff House "demoted" Mr. Martinez back to working as a "Server PM". Again, Cliff House improperly paid Mr. Martinez for tipped hours worked at the 2014 tipped minimum wage of $4.98 per hour.

38. From this point forward during 2017 and 2018, Cliff House also paid Mr. Martinez at the rate of $8.50 per hour for non-tipped hours worked.

39. In approximately August 2017, Cliff House hired a new employee, Bradford Miller, as Jay Watson's "deputy". Cliff House pays Mr. Miller at the rate of $8.50 per hour. Mr. Miller performs the same duties as Mr. Watson, i.e. Food & Beverage Department Director, on those days when Mr. Watson is not working.

40. In 2018, Colorado Minimum Wage Order Number 34 increased the tipped minimum wage to $7.18 per hour, and the non-tipped minimum wage to $10.20 per hour.

41.     In 2018, Cliff House properly paid Mr. Martinez for tipped hours worked at the applicable tipped pay rate. However, it continued to improperly pay him at the rate of $8.50 per hour for non-tipped hours worked.

42.     In 2019, Colorado Minimum Wage Order Number 35 increased the tipped minimum wage to $8.08 per hour and the non-tipped minimum wage to $11.10 per hour.

43.     Beginning in 2019, Cliff House started to improperly pay Mr. Martinez for non-tipped hours worked at the rate of $9.00 per hour.

44.     At all times during Mr. Martinez' employment, Cliff House included Mr. Watson in the tip pool(s), and paid him substantial amounts from those pool(s). Mr. Watson never "customarily and regularly" received any tips.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

45.     Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER CLIFF HOUSE EMPLOYEES:

(A) WHOSE TIPS WERE DIVERTED ILLEGALLY;

(B) WHO WERE PAID LESS THAN THE APPLICABLE TIPPED MINIMUM WAGE;

(C) WHO WERE PAID LESS THAN THE APPLICABLE NON-TIPPED MINIMUM WAGE; AND/OR

(D) WHO WERE NOT PAID OVERTIME FOR ALL HOURS WORKED OVER 40 HOURS IN ANY WORKWEEK.

46. This action is properly brought as a class action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable.

    b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

    c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from the Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

47. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Colorado Wage Claim Act,§ 8-4-101, *et seq.*)**

48. Plaintiff incorporates by reference all of the above paragraphs.

49. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act. At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

50. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, Minimum Wage Order and FLSA thereby

violating, and continuing to violate, the Wage Claim Act. Defendants committed these violations knowingly, willfully, and with reckless disregard of applicable law.

51. As a result, Plaintiff has been damaged in an amount to be determined at trial.

As provided by the Wage Claim Act, Colo. Rev. Stat. § 8-4-109, Plaintiff hereby demands that Defendants tender the following payments to him:

(a) an amount sufficient to reimburse Plaintiff for all tip credits taken against his hourly wages;

(b) the difference between Plaintiff's actual paid wages and the correct applicable pay rate for all hours worked; and

(c) all earned wages for overtime hours worked during the period Cliff House paid Plaintiff a "salary" as a manager by paying him an hourly wage for a fixed number of hours each pay period.

Such payments can be made care of undersigned counsel.

**SECOND CLAIM FOR RELIEF**

**(Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*)**

52. Plaintiff incorporates by reference all of the above paragraphs.

53. At all relevant times, Defendants were "employers" as defined, and operated a business whose compensation of its employees was regulated, by the Colorado Minimum Wage Order, 7 Colo. Code of Regs. 1103-1, section 2.

54. In paying Cliff House's employees, including Plaintiff, Defendants claimed a tip credit against their minimum hourly wage obligation, pursuant to Section 3(c) of the Minimum Wage Order.

55. Defendants required the sharing of tips with employees who do not customarily and regularly receive tips, including but not limited to one or more management employees. This conduct nullified allowable tip credits towards the minimum wage authorized in Section 3(c) of the Minimum Wage Order.

56. As a result, Defendants failed to pay Plaintiff the applicable minimum wage, and Plaintiff has been damaged in an amount to be proven at trial.

57. Plaintiff is entitled to recover the unpaid balance of the full amount of such minimum wage. Colo. Rev. Stat. § 8-6-118.

**THIRD CLAIM FOR RELIEF**

**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

58. Plaintiff incorporates by reference all of the above paragraphs.

59. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA. Cliff House is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. At all relevant times, on information and belief, Cliff House has had gross volume of sales in excess of $500,000. At all relevant times, Defendants have employed, and/or continue to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue (signed form attached) in this action pursuant to 29 U.S.C. §216(b).

60.     While employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

61.     As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

62.     As a result, Plaintiff has been damaged in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Contract)**

63.     Plaintiff incorporates by reference all of the above paragraphs.

64.     Plaintiff worked for Defendants under a unilateral contract which implied an obligation to pay Plaintiff in accordance with state and federal wage and hour laws. Although Plaintiff complied with all conditions precedent and performed his obligations under the contract, Defendants breached the contract as described herein.

65.     As a result, Plaintiff has been damaged in an amount to be determined at trial.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Defendants as follows:

1.     Determining that the action is properly maintained as a collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages , attorneys fees and litigation expenses a provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment and post-judgment interest as provided by law;

6. Awarding Plaintiff and Class Members FLSA liquidated damages;

7. Awarding Plaintiff and Class Members CWCA statutory penalties; and

8. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of January 2019.

*/s/ Gary M. Kramer*
Gary M. Kramer
Gary Kramer Law, LLC
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO 80920
Phone 719-694-2783
Fax 719-452-3622
gary@garykramerlaw.com
Attorney for Plaintiff Justin M. Martinez